IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANNA SHULLER, | : | CIVIL NO. 3:12-CV-2069 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| SUPT. NANCY GIROUX, | : | |
| Respondent | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

On October 15, 2012, petitioner Dianna Shuller, also known as Emily R. Zavitsanos, ("petitioner"), a state inmate presently confined at the State Correctional Institution at Muncy, Pennsylvania, initiated the above petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking immediate release. (Doc. 1.) The petition has been given preliminary consideration and, for the reasons discussed below, the court will dismiss this action without prejudice because there are ongoing state court criminal proceedings. See R. Governing § 2254 Cases R. 4 (stating "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner").

I. **Background**

According to the electronic docket in Court of Common Pleas of Lebanon County Criminal Case Number CP-38-CR-0001043-2011, retrieved from Pennsylvania's Unified Judicial System, see http://ujsportal.pacourts.us., on June 6, 2012, petitioner was sentenced to a minimum term of incarceration of fifteen months to a maximum term of seven years. At

present, post sentence motions are pending in the county court.

Petitioner filed the instant petition seeking to be released from prison. (Doc. 1, at 8.)

**II. Discussion**

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 494 (1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993). Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977), which provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. A petition may be dismissed without review of an answer when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself. . . . " Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

Pursuant to 28 U.S.C. § 2254, a person in state custody may file an application for a writ of habeas corpus challenging the fact or length of his or her confinement. However, this section specifically provides that the person must be in custody pursuant to the judgment of a State court. See 28 U.S.C. § 2254(a). It is apparent from the instant petition that petitioner's judgment is not yet final as there are post sentence motions pending.

Notwithstanding this deficiency, generally, federal courts must adjudicate all cases

2

and controversies that are properly before them. New Orleans Pub. Serv., Inc. v. Counsel of City of New Orleans, 491 U.S. 350, 358 (1989). Abstention, however, "is the judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." Heritage Farms, Inc. v. Solebury Twp., 671 F.2d 743, 746 (3d Cir. 1982). In Younger v. Harris, the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." Yi Yang v. Tsui, 416 F.3d 199, 202 (3d Cir. 2005) (discussing Younger, 401 U.S. 37 (1971)). The Younger Court based its decision on the principles of comity and "the longstanding public policy against federal court interference with state court proceedings." Younger, 401 U.S. at 43. Younger abstention applies when the following three requirements are met: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." Lazaridis v. Wehmer, 591 F.3d 666, 670 (3d Cir. 2010) (quoting Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 408 (3d Cir .2005)).

Notably, even when all requirements are met, abstention is not appropriate when the following extraordinary circumstances exist: "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute. . . ." Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989). These exceptions are to be narrowly construed.

Loftus v. Twp. of Lawrence Park, 764 F. Supp. 354, 357 (W.D. Pa. 1991).

It is clear that petitioner is involved in ongoing criminal proceedings which implicate important state interests. It also appears from review of the electronic docket that she is presently utilizing state court procedures available to her. see http://ujsportal.pacourts.us. Because there is relief available at the state court level, there is an absence of extraordinary circumstances that would warrant our intervention on this issue. Thus, out of deference to the state judicial process, it is appropriate to abstain from entertaining the petition. Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." Evans v. Court of Common Pleas, 959 F.2d 1227, 1234 (3d Cir. 1992).

## III. Conclusion

Based on the foregoing, the petition for writ of habeas corpus will be dismissed without prejudice.

## IV. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are

4

adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

An appropriate order accompanies this Memorandum.

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District

Dated:    October 19, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DIANNA SHULLER, : CIVIL NO. 3:12-CV-2069
　　　　Petitioner :
　　　　　　　　　　: (Judge Munley)
v. :
　　　　　　　　　　:
SUPT. NANCY GIROUX, :
　　　　Respondent :

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

AND NOW, to wit, this 19th day of October 2012, upon consideration of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and in accordance with the accompanying memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DISMISSED without prejudice. See R. Governing § 2254 Cases R. 4.

2. The motion to proceed in forma pauperis (Doc. 2) is GRANTED for the sole purpose of the filing of this action.

3. The Clerk of Court is directed to CLOSE this case.

4. A certificate of appealability will not issue. See 28 U.S.C. § 2253(c).

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District